UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LIGHTNING DOCK GEOTHERMAL HI-01, LLC, ) | Case No. 17-10567 |
| a Delaware limited liability company, ) | |
| ) | (Joint Administration Requested) |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| LOS LOBOS RENEWABLE POWER, LLC, ) | Case No. 17-10568 |
| a Delaware limited liability company, ) | |
| ) | (Joint Administration Requested) |
| Debtor. ) | |

**MOTION TO AUTHORIZE JOINT ADMINISTRATION OF RELATED
CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

Lightning Dock Geothermal HI-01, LLC and Los Lobos Renewable Power, LLC (together, the "Debtors"),[1] the debtors and debtors-in-possession in the above-captioned cases, by their undersigned counsel, hereby move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of New Mexico (the "Local Rules") for entry of an order, the proposed form of which is attached hereto as **Exhibit A**, authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only (the "Motion"). In support of this Motion, the Debtors rely on the *Declaration of Nicholas Goodman in Support of Chapter 11 Petitions and Related Motions* (the "Goodman

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Lightning Dock Geothermal HI-01, LLC (4797) and Los Lobos Renewable Power, LLC (4697). The address of the Debtors' corporate headquarters is 136 S. Main Street, Suite 600, Salt Lake City, UT 84101.

Declaration")² filed concurrently herewith. In further support of this Motion, the Debtors submit as follows:

## I. Jurisdiction, Venue and Predicates for Relief

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## II. Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed with the Court their respective voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request for the appointment of a trustee or an examiner has been made in these cases and no statutory committees have been appointed or designated.

5. A description of the Debtors' business operations, corporate structures, capital structures, and reasons for commencing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the

---

² Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Goodman Declaration.

Goodman Declaration, which is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

### III. Relief Requested

6. The Debtors hereby request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### IV. Basis for Relief

7. Bankruptcy Rule 1015(b) states, in pertinent part, that: "[I]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and affiliates. Debtor Los Lobos Renewable Power, LLC is the parent of Debtor Lightning Dock Geothermal HI-01, LLC, which is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code[3] and used in Bankruptcy Rule 1015(b). Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

---

[3] Section 101(2) of the Bankruptcy Code defines an "affiliate" as:
   [A] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities —
      (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
      (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
   [B] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
      (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
      (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.
11 U.S.C. § 101(2).

3

8. Further, joint administration of the Debtors' estates will be less costly and burdensome than the separate administration of the estates. For example, joint administration will permit the use of a single, general docket for the Debtors' cases and combined notices to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that numerous filings and additional matters, including notices, applications, motions, orders, hearings and other proceedings will be made, issued or convened in these cases. Some of these matters will affect both Debtors. Joint administration will protect parties-in-interest by ensuring that parties affected by each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in those cases.

9. Joint administration of the Debtors' estates also will avoid repetitive, duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' cases, and (ii) file many documents in only one of the Debtors' cases rather than in both cases; provided, however, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claims will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. Moreover, joint supervision of the administrative aspects of the chapter 11 cases by the office of the U.S. Trustee and the Court will be simplified. As such, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, creditors, the office of the U.S. Trustee and the Court.

10. The rights of the respective creditors of each of the Debtors will not be prejudiced by joint administration of these cases. The relief requested in this Motion is purely procedural and will in no way affect any party's substantive rights.

4

11. The Debtors propose that the Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases, except as otherwise specifically provided herein:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTNING DOCK GEOTHERMAL HI-01, LLC, *et al.*, | ) | Case No. 17-10567 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

12. The Debtors submit that all parties' use of the simplified caption designated above, without reference to the Debtors' respective states of incorporation and tax incorporation matters, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

13. In addition, the Debtors request that the Court direct the Clerk to make a notation substantially similar to the following on the docket of Debtor Los Lobos Renewable Power, LLC:

> An order has been entered in this case directing the procedural consolidation and joint administration of this chapter 11 case with the chapter 11 case of Lightning Dock Geothermal HI-01, LLC, Case No. 17-10567, which should be consulted for all matters affecting this case.

### V. Notice

14. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the proposed DIP lender; (c) the creditors holding the twenty (20) largest unsecured claims against the Debtors' estates on a consolidated basis, as identified in the Debtors' chapter 11

5

Case 17-10567-t11    Doc 10    Filed 03/14/17    Entered 03/14/17 17:31:14 Page 5 of 10

petitions; and (d) all parties that have filed a notice of appearance or have requested service in these chapter 11 cases. In light of the nature of the relief requested herein and the potential harm to the Debtors' estates if the relief requested herein is not granted, the Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein, and (b) grant to the Debtors such other and further relief as the Court may deem just or proper.

Dated: March 14, 2017

Respectfully submitted by:<br>
WALKER & ASSOCIATES, P.C.<br>
<br>
s/filed electronically 3/14/2017<br>
Thomas D. Walker<br>
500 Marquette N.W., Suite 650<br>
Albuquerque, N.M. 87102<br>
(505) 766-9272<br>
(505) 722-9287 (fax)<br>
twalker@walkerlawpc.com<br>
<i>Proposed Attorneys for the Debtors in Possession</i>

Certificate of Service

In accordance with Fed.R.Bankr.P. Rule 9036, NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 14th day of March, 2017, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

s/ filed electronically 3/14/2017
Thomas D. Walker

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTNING DOCK GEOTHERMAL HI-01, LLC, | ) | Case No. 17-10567 |
| a Delaware limited liability company, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LOS LOBOS RENEWABLE POWER, LLC, | ) | Case No. 17-10568 |
| a Delaware limited liability company, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only and upon the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

Goodman Declaration; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 17-10567 in accordance with the provisions of Bankruptcy Rule 1015(b), and the joint caption of the cases shall read as it appears immediately below:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTNING DOCK GEOTHERMAL HI-01, LLC, *et al.*, | ) | Case No. 17-10567 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

3. All original pleadings shall be captioned as indicated in the preceding paragraph, without reference to the Debtors' respective states of incorporation and tax incorporation matters, all original docket entries shall be made solely in the chapter 11 case of Debtor Lightning Dock Geothermal HI-01, LLC, Case No. 17-10567 unless the Court orders otherwise.

2

4. A docket entry shall be made in the chapter 11 case of Debtor Los Lobos Renewable Power, LLC substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of this chapter 11 case with the chapter 11 case of Lightning Dock Geothermal HI-01, LLC, Case No. 17-10567, which should be consulted for all matters affecting this case.

5. All schedules of assets and liabilities, statements of financial affairs, and proofs of claim shall be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. All other documents shall be captioned and filed solely in the lead case unless otherwise ordered by the Court.

### END OF ORDER ###

Submitted by:

/s/*Thomas D. Walker*
Thomas D. Walker (NM Bar No. 3238)
Walker & Associates, P.C.
500 Marquette NW, Suite 650
Albuquerque, New Mexico 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
Email: twalker@walkerlawpc.com

*Proposed Attorneys for Debtors and Debtors-in-Possession*

Copy of Order to:

Alice Page, Esq.
Office of the United States Trustee
P. O. Box 608
Albuquerque, NM 87103